COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH 

 

                                        NO.
2-06-082-CV

DAVID
W. RUFFU, ET AL.                                                   APPELLANTS

 

                                                   V.

 

SIDNEY
W. RUFFU                                                                  APPELLEE

 

 

                                               ----------

          FROM COUNTY COURT AT
LAW NO. 2 OF DENTON COUNTY

                                               ----------

                                MEMORANDUM OPINION[1]

                                               ----------








On October 18, 2006, appellants, acting pro se, filed their brief with
this court.  On October 26, 2006, we
notified appellants that the brief is defective in substance and form,
specifically listing the ways in which the brief does not comply with the rules
of appellate procedure.  See TEX. R. APP. P. 38.1(a)B(j),
42.3.  We also stated that failure to
file an amended brief complying with the rules on or before November 6, 2006
could result in us striking the noncompliant brief, waiver of any nonconforming
points, or dismissal of the appeal.  See
Tex. R. App. P. 38.9.  Appellants have not filed an amended brief,
nor have they responded to our letter.

Rule 38.9 provides that Asubstantial compliance@ with the briefing rules is required subject to exceptions.  Tex. R. App. P. 38.9.  First, if the court determines that the
briefing rules have been flagrantly violated as to form, the court may require
the appellant to amend, supplement, or redraw his brief.  Id. 38.9(a).  If the appellant files another brief that
does not comply, the court may strike the brief, prohibit the party from filing
another, and proceed as if the party did not file a brief.  Id.

Accordingly, because this court informed appellants of the substantial
defects in their brief, and appellants failed to file an amended brief curing
those defects, we strike appellants= brief and dismiss the appeal.  See
Tex. R. App. P. 38.8(a)(1),
38.9(a), 42.3(c); Newman v. Clark, 113 S.W.3d 622, 623 (Tex. App.CDallas 2003, no pet.).

 

PER CURIAM               

 

PANEL D:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED: December 14, 2006

 











[1]See Tex. R. App. P. 47.4.